Rodney L. Umberger, WSBA No. 24948
Eddy M. Silverman, WSBA No. 53494
WILLIAMS, KASTNER & GIBBS PLLC
Two Union Square
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: 206.628.6600
Fax: 206.628.6611
Email: rumberger@williamskastner.com
Email: esilverman@williamskastner.com
Attorneys for Walmart Inc.

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON
### AT SPOKANE

| | |
|---|---|
| BRIGITTE WOODBURY,<br><br>  Plaintiff,<br><br>  v.<br><br>WALMART INC,<br><br>  Defendant. | NO.<br><br>(OKANOGAN COUNTY SUPERIOR COURT CAUSE NO. 21-2-00160-24)<br><br>NOTICE OF REMOVAL BY DEFENDANT WALMART INC.<br><br>***(CLERK'S ACTION REQUIRED)*** |

TO:    CLERK OF THE COURT;

AND TO:    PLAINTIFF BRIGITTE WOODBURY;

AND TO:    PLAINTIFF'S COUNSEL OF RECORD.

## I.  RELIEF REQUESTED

Defendant WALMART INC. ("Walmart") seeks to remove the above-captioned case from Okanogan County Superior Court in Washington State to the United States District Court for the Eastern District of Washington at Spokane under 28 U.S.C. §§ 1332, 1441, and 1446.

## II.  STATEMENT OF FACTS

1.  Underlying Incident

Plaintiff Brigitte Woodbury ("Plaintiff") alleges that she was injured when

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 1

she tripped over a cart while shopping at a Walmart store in Omak, Washington on February 4, 2021.  *See* Declaration of Eddy Silverman, attached hereto as **Exhibit A**; *see also* Complaint, attached hereto as **Exhibit B**.

2. Relevant Procedural Facts

Plaintiff filed a Complaint in the Superior Court of Washington for Okanogan County on June 23, 2021.  *See* Ex. B.  There are no specific allegations pertaining to damages in the Complaint (no amounts claimed).  *See id.*

On August 13, 2021, Walmart served Plaintiff with Defendant Walmart Inc.'s First Interrogatories and Requests for Production to Plaintiff—to which Plaintiff responded on September 28, 2021.  *See* attached hereto as **Exhibit C**.  Walmart, in its Interrogatory No. 28 to Plaintiff, asked: "Please set forth separately the amounts of (a) any special damages and (b) general damages you are seeking in this suit." *Id.*  In response to Interrogatory No. 28, Plaintiff stated that she "anticipate[s] asking a jury to award [her] $500,000.00 in general damages." *Id.*

III.  STATEMENT OF THE ISSUE

Whether this case may be properly removed to federal court where there is total diversity between the parties and the amount in controversy is in excess of $75,000 exclusive of interest and costs according to Plaintiff's response to Walmart's Interrogatory No. 28.

IV.  EVIDENCE RELIED UPON

This motion is based upon the records and pleadings on file with the Court, as well as the Declaration of Eddy Silverman, Esq., attached hereto as Exhibit A.

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

V. <u>ARGUMENT</u>

A.    <u>This Case Is Removable Under 28 U.S.C. § 1332, Through Which This Court Has Original Jurisdiction Over The Lawsuit Filed by Plaintiff In Okanogan County Superior Court</u>

The district courts shall have original jurisdiction of all civil actions (1) where the parties in the case are diverse as defined by 28 U.S.C. § 1332(a)(1)-(4); (2) where the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs; and (3) where removal is timely.  The amount in controversy can either be evident "on the face" of the Complaint or ascertained via some later pleading(s) or "other paper" in the record of the state court proceeding.  See 28 U.S.C. § 1446(b)(3); *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (2005).

When and how removability is "ascertainable" matters with respect to whether removal is timely under 28 U.S.C. § 1446.  There are, generally speaking, two viable "removal periods."  *See Harris*, 425 F.3d at 694. [1] A defendant has 30 days to remove a case if the removability of the case is evident on the face of the complaint; or [2] a defendant has 30 days beyond some later period from which it first becomes ascertainable that the case is removable.  *See id.* ("[T]he first thirty-day requirement [to remove] is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives ['other paper'] from which it can ascertained…that removal is proper.") (citations omitted).

///

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7478606.1

In this case, (1) diversity between the parties is evident on the face of the Complaint; (2) the fact that the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs was not evident on the face of the Complaint, but is now evident from Plaintiff's response to Walmart's Interrogatory No. 28 ("interrogatory response"); and (3) insofar as Walmart is filing this Notice of Removal within 30 days of service of receiving the aforementioned interrogatory response, Walmart's Notice is timely and this case may be properly removed under 28 U.S.C. §§ 1446(b) and 1332.

   1. <u>There Is Diversity Between The Parties</u>

Per the Complaint, Plaintiff resides in Okanogan County, Washington.  *See* Ex. B. at ¶ 2.1.  Thus, Plaintiff is a "citizen of" Washington state. Walmart is (a) incorporated in Delaware and (b) its principal place of business is in Arkansas. Thus, Walmart is "a citizen of" either Delaware or Arkansas, but <u>not</u> Washington State.  Accord 28 U.S.C. § 1332(c)(1).  Based on the foregoing, there is diversity between these parties as described in 28 U.S.C. § 1332(a)(1).

   2. <u>The Amount In Controversy Exceeds The Sum Or Value Of $75,000</u>

Per Plaintiff's response to Walmart's Interrogatory No. 28, the amount in controversy in this matter is in excess of $500,000. *See* Ex. C.

   3. <u>Walmart's Notice Of Removal Is Timely</u>

In this matter, the case stated by the initial pleading was not removable (no specific amounts claimed in Complaint); however, Plaintiff's answer to Walmart's Interrogatory No. 28 constitutes "other paper" within the meaning of 28 U.S.C. § 1446 from which it could first be ascertained that this case is removable.  As this Notice is being filed within 30 days of receipt of that response/"other paper," this Notice is timely.

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7478606.1

B.   Walmart's Notice Of Removal Complies With All Applicable Federal Procedural Rules Attendant To Removal

1.   Both The Federal And State Courts Are On Proper Notice Of This Removal Action

This Notice is properly filed in the United States District Court for the Eastern District of Washington because this Court embraces Okanogan County, the county in which the state court action is now pending.  See 28 U.S.C. §§ 128(b) and 1441(a).

Pursuant to 28 U.S.C. §§ 1446(d), Walmart is filing a copy of this Notice with the Clerk of the Okanogan County Superior Court and is also serving a copy of this Notice on Plaintiff's counsel of record in the state court action.

2.   All State Court Records And Proceedings Have Been Provided With This Removal Petition

Walmart has filed and/or otherwise provided true and complete copies of all records and proceedings filed in the state court proceeding being removed by virtue of this petition.  These documents/exhibits constitute and contain the entirety of the records and proceedings filed in Okanogan County Superior Court as of the date of filing this Notice.  True and complete copies of all pleadings, records, and documents filed in the state court action are attached hereto as **Exhibit D**.

## VI.  CONCLUSION

Walmart hereby removes this case from the Okanogan County Superior Court to the United States District Court for the Eastern District of Washington at Spokane pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  By removing, Walmart

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7478606.1

does not waive any defenses, including but not limited to lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process.

DATED this 27th day of October, 2021.

WILLIAMS, KASTNER & GIBBS PLLC

*/s/Rodney L. Umberger*_____
Rodney L. Umberger, WSBA # 24948

*/s/Edward M. Silverman*_____
Edward M. Silverman, WSBA # 53494

Two Union Square
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: 206.628.6600
Fax:    206.628.6611
Email: rumberger@williamskastner.com
          esilverman@williamskastner.com

**Counsel for Defendant Walmart Inc.**

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7478606.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the date indicated below, I caused service of a true and correct copy of the foregoing document in the manner indicated below to:

EMERALD LAW GROUP, PLLC

☑ ECF

Jonathan Nolley, WSBA #35850
12055 15th Avenue NE
Seattle, WA 98125
Tel: 206.826.5160
Email: jonathan@emeraldlawgroup.com

VALOR LAW GROUP PS

Alex Thomason, WSBA 35975
110 W Lakeshore Dr.
Pateros, WA 98846
Tel: (509) 689-3471
Email: alex@valorlawgroup.com
madison@valorlawgroup.com

*Counsel for Plaintiff*

Signed at Seattle, Washington this 27th day of October, 2021.

WILLIAMS, KASTNER & GIBBS PLLC

*/s/Gayle Neligan*_____
Gayle Neligan, Legal Assistant

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7478606.1

# EXHIBIT A

1  Rodney L. Umberger, WSBA No. 24948
   Eddy M. Silverman, WSBA No. 53494
2  WILLIAMS, KASTNER & GIBBS PLLC
   Two Union Square
3  601 Union Street, Suite 4100
   Seattle, WA 98101-2380
4  Phone: 206.628.6600
   Fax: 206.628.6611
5  Email: rumberger@williamskastner.com
   Email: esilverman@williamskastner.com
6  Attorneys for Walmart Inc.

7
8                    UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF WASHINGTON
9                          AT SPOKANE

10  BRIGITTE WOODBURY,                    NO.

11          Plaintiff,                    (OKANOGAN COUNTY
                                          SUPERIOR COURT CAUSE NO.
12      v.                                21-2-00160-24)

13  WALMART INC,                          DECLARATION OF EDDY
                                          SILVERMAN, ESQ., IN SUPPORT
14          Defendant.                    OF WALMART INC.'S NOTICE OF
                                          REMOVAL
15

16  I, Eddy Silverman, Esq., hereby declare and say:

17      1.     That I am an attorney of the law firm of WILLIAMS, KASTNER &

18  GIBBS PLLC, and I am licensed to practice law in this Court.

19      2.     I am over the age of eighteen and a U.S. citizen.  I have personal

20
21  knowledge of the facts referred to in this Declaration and could competently

22
23  testify to these facts if called upon to do so in a court of law.

24
25

DECLARATION OF EDDY SILVERMAN, ESQ., IN SUPPORT OF          **Williams, Kastner & Gibbs PLLC**
WALMART INC.'S NOTICE OF REMOVAL - 1                        601 Union Street, Suite 4100
                                                           Seattle, Washington 98101-2380
                                                           (206) 628-6600

7478635.1

3.      Along with Rodney L. Umberger, I represent WALMART INC. ("Walmart") in the above captioned lawsuit, and I am making this Declaration in support of Walmart's Notice of Removal to this Court.

4.      This Declaration is identifiable as **Exhibit A** to Walmart's Notice of Removal.

5.      Attached hereto as **Exhibit B** is a true and complete copy of the operative Complaint filed in state court in this matter.

6.      Attached hereto as **Exhibit C** is a true and complete copy of an excerpt from Plaintiff's Response to Walmart Inc.'s  First Set of Interrogatories And Requests for Production.

7.      Attached hereto as **Exhibit D**, are true and complete copies of all additional records and proceedings filed in the underlying action.

I declare under penalty of perjury under the laws of the United States and of the State of Washington that the foregoing is true and correct.

DATED this 27th day of October, 2021.

WILLIAMS, KASTNER & GIBBS
PLLC

By  *s/Eddy Silverman*
            Eddy Silverman, WSBA No. 53494

*Counsel for Defendant Walmart Inc.*

DECLARATION OF EDDY SILVERMAN, ESQ., IN SUPPORT OF
WALMART INC.'S NOTICE OF REMOVAL - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7478635.1

EXHIBIT B

FILED

2021 JUN 23 PM 1:05

CHARLEEN GROOMES
OKANOGAN COUNTY CLERK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF OKANOGAN**

BRIGITTE WOODBURY, an individual,

           Plaintiff,

       v.

WALMART, INC.

           Defendant.

NO. **21-2 0016024**

COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Brigette Woodbury, by and through her attorneys Jonathan Nolley of the Emerald Law Group and Alex Thomason of Valor Law Group, and complains and alleges as follows:

**I. JURISDICTION AND VENUE**

1.1    The above-entitled court has jurisdiction over the subject matter of this lawsuit.

1.2    The above-entitled court is the proper venue for this action because the incidents described herein and the negligent and tortious acts alleged herein occurred in Omak, Okanogan, Washington.

**II. PARTIES**

2.1    At all times material hereto, Plaintiff Brigitte Woodbury ("Plaintiff") is and was an individual residing in Okanogan County, Washington.

COMPLAINT FOR DAMAGES- 1

**EMERALD LAW GROUP**
12055 15th Avenue NE
Seattle, Washington 98125
T: 206.826.5160
F: 206.922.5598

COPY

2.2    At all times relevant hereto, Defendant Walmart, Inc ("Walmart") is and was a corporation doing business in Okanogan County, Washington.

### III.  CLAIMS AGAINST DEFENDANT

3.1    Defendant is the owner of a local Walmart store located at 902 Engh Road, Omak, Washington.

3.2    On or about February 4, 2021, Plaintiff went shopping at Defendant's store.

3.3    When Plaintiff was in the electronics department of the store, an employee of Defendant, also in the electronics department, was pushing a flat "platform-style truck" cart ("the cart") that was low to the ground.

3.4    This same employee pushed the cart and left it directly behind where Plaintiff was standing with her back turned to the cart.

3.5    Neither the employee nor any other employee of Defendant took any steps to warn Plaintiff of the cart that was directly behind her.

3.6    As Plaintiff turned to leave, she tripped over the cart and suffered injuries.

3.7    At all times relevant hereto, Plaintiff was a business invitee at Defendant's store.

3.8    Defendant owed Plaintiff a duty to maintain a safe premises and to take measures to prevent Plaintiff from encountering any hazards or provide adequate warning to allow Plaintiff to avoid such hazards.

3.9    It was foreseeable that Plaintiff would trip and fall over the low-profile cart that was left behind her.

3.10    Defendant breached its duties when its employee left the cart directly behind Plaintiff and in a place where Plaintiff could not see the cart prior to turning and tripping over the low platform of the cart.

COMPLAINT FOR DAMAGES- 2

EMERALD LAW GROUP
12055 15th Avenue NE
Seattle, Washington 98125
T: 206.826.5160
F: 206.922.5598

3.11    As a direct and proximate result of Defendant's acts and/or omissions described herein, Plaintiff suffered damages.

## IV. DAMAGES

As a direct and proximate result of the Defendant's negligence and acts alleged herein, Plaintiff was injured, suffered and continue to suffer from, without limitation, severe personal injuries, physical disability and pain, pain and suffering, future pain and suffering, emotional trauma, medical expenses, loss of enjoyment of life, lost income and earnings, and other economic and non-economic damages to be proven at trial.

## V. LIMITED PHYSICIAN/PATIENT WAIVER

Plaintiff hereby waives the physician/patient privilege, but only to the extent required by RCW 5.60.060, and as limited by Plaintiff's Constitutional rights of privacy, contractual rights of privacy, and as circumscribed by the ethical and legal obligations of treating physicians and attorneys for the defendants not to engage in *ex parte* contact.

**WHEREFORE**, Plaintiff pray for relief as follows:

1.    Judgment against the Defendant for damages sustained by Plaintiff in an amount to be determined at trial;

2.    For Plaintiff's costs and disbursements herein;

3.    For an award of Plaintiff's attorney's fees;

4.    For an award of pre-judgment interest at the statutory rate on items of special damages including, without limitation, expenses of medical care and treatment and property damage; and

5.    For such other and further relief as the court may deem just and equitable.

COMPLAINT FOR DAMAGES- 3

EMERALD LAW GROUP
12055 15th Avenue NE
Seattle, Washington 98125
T: 206.826.5160
F: 206.922.5598

1

2      DATED this *16* day of June, 2021.

3                          EMERALD LAW GROUP, PLLC

4

5

6                          Jonathan Nolley, WSBA No. 35850
                           Attorneys for Plaintiff

7

8

9                          VALOR LAW GROUP PS

10

11                                          *VSBA No 35850*

12                         Alex Thomason, WSBA No. 35975
                           Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27     COMPLAINT FOR DAMAGES- 4

28
EMERALD LAW GROUP
12055 15th Avenue NE
Seattle, Washington 98125
T: 206.826.5160
F: 206.922.5598

# EXHIBIT C

1

2

3

4

5

6

7              SUPERIOR COURT OF WASHINGTON FOR OKANOGAN COUNTY

8    BRIGITTE WOODBURY,                    NO. 21-2-00160-24

9                   Plaintiff,

10         v.                              DEFENDANT WALMART INC.'S FIRST
                                           INTERROGATORIES AND REQUESTS
11   WALMART INC,                          FOR PRODUCTION TO PLAINTIFF **AND
                                           ANSWERS THERETO**
12                  Defendant.

13

14   TO:          Brigitte, Plaintiff;

15   AND TO:      Jonathan Nolley/Emerald Law Group, PLLC and Alex Thomason/Valor Law
                  Group, PS, Counsel for Plaintiff.

16         In accordance with CR 33 and CR 34, please answer the following Interrogatories and

17   Requests for Production fully and separately, under oath, within thirty (30) days of the date of

18   service.

19         In accordance with CR 26(b)(4), Defendant WALMART INC. ("Walmart") will object

20   at trial to the use of or reference to any testimony by any expert witness whose identity,

21   opinions and summary of the grounds for each opinion are not provided or disclosed in

22   response to these interrogatories and requests for production.

23         If you claim any privilege with respect to any information called for by an interrogatory

24   or request for production or any part thereof, identify the type of privilege which is claimed,

25

DEFENDANT WALMART INC.'S FIRST INTERROGATORIES        **Emerald Law Group PLLC**
AND REQUESTS FOR PRODUCTION TO PLAINTIFF AND          12055 15th Avenue NE
ANSWERS THERETO- 1                                    Seattle, Washington 98125
                                                      (206) 826-5160

7437409.1

impossible to sleep at night.  Because I was on blood thinners, I suffered severe bruising resulting from the fall that was very painful.  Though I have improved with surgery and physical therapy, I continue to have pain with certain movements and am fearful of re-tearing the shoulder again, something that continues to limit my daily activities.

**INTERROGATORY NO. 27:**  Please IDENTIFY any liens, including amount(s), against any settlement in this LAWSUIT.

**ANSWER:**

Medicare has a lien but the amount is not yet known.

**INTERROGATORY NO. 28:**  Please set forth separately the amounts of (a) any special damages and (b) general damages you are seeking in this suit.

**Note: Referring to medical records and/or stating that damages will "be determined by a trier of fact," or some variation of that contention, is not responsive.  This question seeks to know both the economic and non-economic ("pain-and-suffering") damages you are seeking in this lawsuit.**

**ANSWER:**

I have not obtained all the medical billing records to calculate my total medical bills from the date of the incident through my last physical therapy visit earlier this month.  This answer will be supplemented.

To the extent it is necessary to reduce my general damages to a specific amount, I anticipate asking a jury to award me $500,000.00 in general damages.

DEFENDANT WALMART INC.'S FIRST INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO PLAINTIFF AND
ANSWERS THERETO- 13

**Emerald Law Group PLLC**
12055 15th Avenue NE
Seattle, Washington 98125
(206) 826-5160

7437409.1

1

## <u>VERIFICATION</u>

2      The undersigned declares under penalty of perjury under the laws of the State of

3  Washington that she is the Plaintiff in the above-entitled action, that she has read the foregoing

4  responses to Defendant Walmart Inc.'s First Interrogatories and Requests for Production to

5  Plaintiff, knows the contents thereof, and believes the same to be true.

6      DATED this <u>28</u> day of <u>September</u>, 2021, in <u>winthrop</u>, Washington.

7

8  _____
   Brigitte Woodbury, Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANT WALMART INC.'S FIRST INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO PLAINTIFF AND
ANSWERS THERETO- 20

**Emerald Law Group PLLC**
12055 15th Avenue NE
Seattle, Washington 98125
(206) 826-5160

7437409.1

1

## **ATTORNEY'S CR 26 CERTIFICATION**

2        The undersigned attorney certifies pursuant to Civil Rule 26(g) that he or she has read

3   each response and objection to these discovery requests, and that to the best of his or her

4   knowledge, information, and belief formed after a reasonable inquiry, each is (1) consistent

5   with the Civil Rules and warranted by existing law or a good faith argument for the extension,

6   modification, or reversal of existing law; (2) not interposed for any improper purpose, such as

7   to harass or to cause unnecessary delay or needless increase in the costs of litigation; and

8   (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the

9   discovery already had in the case, the amount in controversy, and the importance of the issues

10  at stake in the litigation.

11        Dated this _28th_ day of _September_____, 2021.

12

13        _____

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANT WALMART INC.'S FIRST INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO PLAINTIFF AND
ANSWERS THERETO- 21

**Emerald Law Group PLLC**
12055 15th Avenue NE
Seattle, Washington 98125
(206) 826-5160

7437409.1

# EXHIBIT D

FILED

2021 JUN 23 PM 1:05

CHARLEEN GROOMES
OKANOGAN COUNTY CLERK

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF OKANOGAN**

BRIGITTE WOODBURY, an individual,

             Plaintiff,

            v.

WALMART, INC.

             Defendant.

NO. **21-2 0016024**

COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Brigette Woodbury, by and through her attorneys Jonathan Nolley of the Emerald Law Group and Alex Thomason of Valor Law Group, and complains and alleges as follows:

## I. JURISDICTION AND VENUE

1.1    The above-entitled court has jurisdiction over the subject matter of this lawsuit.

1.2    The above-entitled court is the proper venue for this action because the incidents described herein and the negligent and tortious acts alleged herein occurred in Omak, Okanogan, Washington.

## II. PARTIES

2.1    At all times material hereto, Plaintiff Brigitte Woodbury ("Plaintiff") is and was an individual residing in Okanogan County, Washington.

COMPLAINT FOR DAMAGES- 1

EMERALD LAW GROUP
12055 15th Avenue NE
Seattle, Washington 98125
T: 206.826.5160
F: 206.922.5598

COPY

2.2    At all times relevant hereto, Defendant Walmart, Inc ("Walmart") is and was a corporation doing business in Okanogan County, Washington.

### III. CLAIMS AGAINST DEFENDANT

3.1    Defendant is the owner of a local Walmart store located at 902 Engh Road, Omak, Washington.

3.2    On or about February 4, 2021, Plaintiff went shopping at Defendant's store.

3.3    When Plaintiff was in the electronics department of the store, an employee of Defendant, also in the electronics department, was pushing a flat "platform-style truck" cart ("the cart") that was low to the ground.

3.4    This same employee pushed the cart and left it directly behind where Plaintiff was standing with her back turned to the cart.

3.5    Neither the employee nor any other employee of Defendant took any steps to warn Plaintiff of the cart that was directly behind her.

3.6    As Plaintiff turned to leave, she tripped over the cart and suffered injuries.

3.7    At all times relevant hereto, Plaintiff was a business invitee at Defendant's store.

3.8    Defendant owed Plaintiff a duty to maintain a safe premises and to take measures to prevent Plaintiff from encountering any hazards or provide adequate warning to allow Plaintiff to avoid such hazards.

3.9    It was foreseeable that Plaintiff would trip and fall over the low-profile cart that was left behind her.

3.10    Defendant breached its duties when its employee left the cart directly behind Plaintiff and in a place where Plaintiff could not see the cart prior to turning and tripping over the low platform of the cart.

COMPLAINT FOR DAMAGES- 2

EMERALD LAW GROUP
12055 15th Avenue NE
Seattle, Washington 98125
T: 206.826.5160
F: 206.922.5598

3.11    As a direct and proximate result of Defendant's acts and/or omissions described herein, Plaintiff suffered damages.

## IV. DAMAGES

As a direct and proximate result of the Defendant's negligence and acts alleged herein, Plaintiff was injured, suffered and continue to suffer from, without limitation, severe personal injuries, physical disability and pain, pain and suffering, future pain and suffering, emotional trauma, medical expenses, loss of enjoyment of life, lost income and earnings, and other economic and non-economic damages to be proven at trial.

## V. LIMITED PHYSICIAN/PATIENT WAIVER

Plaintiff hereby waives the physician/patient privilege, but only to the extent required by RCW 5.60.060, and as limited by Plaintiff's Constitutional rights of privacy, contractual rights of privacy, and as circumscribed by the ethical and legal obligations of treating physicians and attorneys for the defendants not to engage in *ex parte* contact.

**WHEREFORE**, Plaintiff pray for relief as follows:

1.    Judgment against the Defendant for damages sustained by Plaintiff in an amount to be determined at trial;

2.    For Plaintiff's costs and disbursements herein;

3.    For an award of Plaintiff's attorney's fees;

4.    For an award of pre-judgment interest at the statutory rate on items of special damages including, without limitation, expenses of medical care and treatment and property damage; and

5.    For such other and further relief as the court may deem just and equitable.

COMPLAINT FOR DAMAGES- 3

DATED this 16th day of June, 2021.

EMERALD LAW GROUP, PLLC

Jonathan Nolley, WSBA No. 35850
Attorneys for Plaintiff

VALOR LAW GROUP PS

VSBA No. 35850

Alex Thomason, WSBA No. 35975
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES- 4

1

2

3

4

5

6

7                    SUPERIOR COURT OF WASHINGTON FOR OKANOGAN COUNTY

8    BRIGITTE WOODBURY,                          NO. 21-2-00160-24

9                    Plaintiff,                  NOTICE OF APPEARANCE OF
                                                 DEFENDANT WALMART INC.
10          v.

11   WALMART INC,

12                    Defendant.

13   TO: CLERK OF THE COURT; and

14   TO: COUNSEL FOR PLAINTIFF

15          PLEASE TAKE NOTICE that Defendant WALMART INC. without waiving

16   objections as to improper service, venue or jurisdiction, hereby appears in the above entitled

17   cause by and through its attorneys, Williams, Kastner & Gibbs PLLC, and requests that all

18   further papers and pleadings herein, exclusive of original process, be served upon the

19   undersigned attorneys at the address stated below.

20   \\\

21   \\\

22   \\\

23   \\\

24   \\\

25

NOTICE OF APPEARANCE OF DEFENDANT WALMART INC. 1        **Williams, Kastner & Gibbs PLLC**
                                                        601 Union Street, Suite 4100
                                                        Seattle, Washington 98101-2380
                                                        (206) 628-6600

7428905.1

1   DATED this 27th day of July, 2021.

2

3                                          WILLIAMS, KASTNER & GIBBS PLLC

4

5                                          _____
                                           Rodney L. Umberger, WSBA No. 24948
6                                          Eddy Silverman, WSBA No. 53494

7                                          Two Union Square
                                           601 Union Street, Suite 4100
8                                          Seattle, WA 98101-2380
                                           Phone:  206.628.6600
9                                          Fax:     206.628.6611
                                           Email:  rumberger@williamskastner.com
10                                                  esilverman@williamskastner.com

11                                         *Counsel for Defendant Walmart Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

NOTICE OF APPEARANCE OF DEFENDANT WALMART INC. 2          **Williams, Kastner & Gibbs PLLC**
                                                          601 Union Street, Suite 4100
                                                          Seattle, Washington 98101-2380
                                                          (206) 628-6600

7428905.1

1

## CERTIFICATE OF SERVICE

2      The undersigned certifies under penalty of perjury under the laws of the State of

3    Washington that on the date indicated below, I caused service of a true and correct copy of the

4    foregoing document in the manner indicated below to:

5    EMERALD LAW GROUP, PLLC                    ☑ USPS
                                                ☑ E-mail
6    Jonathan Nolley, WSBA #35850
     12055 15th Avenue NE
7    Seattle, WA 98125
     Tel" 206.826.5160
8    Email: jonathan@emeraldlawgroup.com

9    VALOR LAW GROUP PS

10   Alex Thomason, WSBA 35975
     110 W Lakeshore Dr.
11   Pateros, WA 98846
     Tel: (509) 689-3471
12   Email: alex@valorlawgroup.com
     madison@valorlawgroup.com

13   *Counsel for Plaintiff*

14

15      Signed at Lynnwood, Washington this 27th day of July, 2021.

16                                    WILLIAMS, KASTNER & GIBBS PLLC

17

18

19   _____

20                                    Catherine Berry, Legal Assistant
                                      cberry@williamskastner.com
21

22

23

24

25

NOTICE OF APPEARANCE OF DEFENDANT WALMART INC. 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7428905.1

1
2
3
4
5
6
7

SUPERIOR COURT OF WASHINGTON FOR OKANOGAN COUNTY

8  | BRIGITTE WOODBURY,                    | NO. 21-2-00160-24

9  |                    Plaintiff,        | **JURY DEMAND – 12 JURORS**

10 |         v.                           |

11 | WALMART INC,                         | (Clerk's Action Required)

12 |                    Defendant.        |

13    Defendant Walmart Inc. hereby demands a trial by a jury of 12, and deposit with the

14  Clerk of the Court the statutory fee of $250.00.

15
16
17
18
19
20
21
22
23  \\\
24  \\\
25  \\\

JURY DEMAND – 12 JURORS 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7430212.1

1    DATED this 10th day of August, 2021.

2

3                                    WILLIAMS, KASTNER & GIBBS PLLC

4

5                                    _____
                                     Rodney L. Umberger, WSBA No. 24948
6                                    Eddy Silverman, WSBA No. 53494

7                                    Two Union Square
                                     601 Union Street, Suite 4100
8                                    Seattle, WA 98101-2380
                                     Phone:  206.628.6600
9                                    Fax:    206.628.6611
                                     Email:  rumberger@williamskastner.com
10                                           esilverman@williamskastner.com

11                                   *Counsel for Defendant Walmart Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JURY DEMAND – 12 JURORS 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7430212.1

## **CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the date indicated below, I caused service of a true and correct copy of the foregoing document in the manner indicated below to:

EMERALD LAW GROUP, PLLC

Jonathan Nolley, WSBA #35850           ☑ E-mail
12055 15th Avenue NE
Seattle, WA 98125
Tel: 206.826.5160
Email: jonathan@emeraldlawgroup.com

VALOR LAW GROUP PS

Alex Thomason, WSBA 35975
110 W Lakeshore Dr.
Pateros, WA 98846
Tel: (509) 689-3471
Email: alex@valorlawgroup.com
madison@valorlawgroup.com

***Counsel for Plaintiff***

Signed at Lynnwood, Washington this 10th day of August, 2021.

WILLIAMS, KASTNER & GIBBS PLLC


_____

Catherine Berry, Legal Assistant
cberry@williamskastner.com

JURY DEMAND – 12 JURORS 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7430212.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

SUPERIOR COURT OF WASHINGTON FOR OKANOGAN COUNTY

BRIGITTE WOODBURY,

          Plaintiff,

    v.

WALMART INC,

          Defendant.

NO. 21-2-00160-24

DEFENDANT WALMART INC.'S ANSWER TO COMPLAINT FOR DAMAGES

WALMART INC. ("Walmart"), by and through its attorneys of record, hereby answers Plaintiff BRIGITTE WOODBURY'S ("Plaintiff") Complaint as follows:

1.     Paragraphs 1.1 and 1.2 of the Complaint call for a legal conclusion and/or make assertions to which no response is required under CR 8.  To the extent a response is required, Walmart admits that the disputed events described in the Complaint ("events in question") occurred in Omak, Okanogan County, Washington, while deferring to the Court and to Washington law with respect to questions of jurisdiction and proper venue.  Walmart denies negligence and denies having engaged in "negligent and tortious acts" as described in the Complaint.

2.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.1 of the Complaint.

3.     In response to the allegations contained in paragraph 2.2 of the Complaint,

DEFENDANT WALMART INC.'S ANSWER TO COMPLAINT FOR DAMAGES 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7430214.1

Walmart admits that Walmart Inc. is a corporation, and further admits that Walmart Inc.

transacts business in Okanogan County, Washington, among other places.

4.      In response to the allegations contained in paragraph 3.1 of the Complaint,

Walmart admits that Walmart Inc. is the owner of a Walmart Supercenter located at 902 Engh

Road, Omak, Washington ("Omak Walmart").

5.      In response to the allegations contained in paragraph 3.2 of the Complaint,

Walmart admits that Plaintiff was on the premises of the Omak Walmart at the time of the

events in question.

6.      In response to the allegations contained in paragraph 3.3 of the Complaint,

Walmart admits that the events in question occurred in or around an area of the Omak Walmart

where electronics are sold.  Walmart further admits that a Walmart associate had been utilizing

an "L-Cart" in or around this same area at or around the time of the aforementioned events.

7.      Walmart denies the allegations contained in paragraph 3.4 of the Complaint.

8.      Walmart is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 3.5 of the Complaint, and therefore denies

the same.

9.      In response to the allegations contained in paragraph 3.6 of the Complaint,

Walmart admits that Plaintiff purportedly tripped over or near an L-Cart on the date of the

events in question.  Walmart is without knowledge or information sufficient to know whether

Plaintiff was turning to leave at this time or whether Plaintiff was injured as a consequence of

this trip.

10.      Paragraph 3.7 of the Complaint calls for a legal conclusion and/or makes

DEFENDANT WALMART INC.'S ANSWER TO COMPLAINT FOR
DAMAGES 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7430214.1

assertions to which no response is required under CR 8.  To the extent a response is required, Walmart is without knowledge or information sufficient to know whether Plaintiff was a business invitee "at all times relevant hereto" and therefore denies the allegations contained in this paragraph.

11.    Paragraph 3.8 of the Complaint calls for a legal conclusion and/or makes assertions to which no response is required under CR 8.  To the extent a response is required, Walmart admits that Walmart Inc. is bound by the duties of premises owners owed to customer-invitees defined by and under Washington law with respect to operations in Walmart-owned retail establishments within the State of Washington.

12.    Walmart denies the allegations contained in paragraphs 3.9, 3.10, and 3.11 of the Complaint.

## AFFIRMATIVE DEFENSES

Walmart has not had an opportunity to conduct a full inquiry of the facts underlying this lawsuit, but based upon its knowledge, information, and belief formed after discovery in similar lawsuits wishes to interpose the following affirmative defenses to preserve its right to present said defenses at the time of trial in this matter.  Upon request and after having conducted discovery in this case, Walmart will voluntarily withdraw those affirmative defenses that are unsupported by the facts revealed in pre-trial discovery and investigation.

1.    Plaintiff's damages, if any, were proximately caused by the negligence of Plaintiff in failing to exercise reasonable care.

2.    Plaintiff's claimed injuries and damages were due to actions of third parties beyond the control of Walmart.

3.    The risk of injury or damage to Plaintiff was not foreseeable to Walmart.

DEFENDANT WALMART INC.'S ANSWER TO COMPLAINT FOR DAMAGES 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7430214.1

4. Plaintiff's claims are barred by some or all of the following: waiver, estoppel, laches, ratification, acquiescence, accord and satisfaction, and/or consent.

5. Walmart took precautions and affirmative actions that were consistent with the state of its knowledge at the time.

6. To the extent any defective or dangerous condition existed, said condition was open and obvious.

7. The condition alleged was not dangerous, as a matter of law.

8. Walmart had no notice of the allegedly dangerous condition.

9. Walmart exercised reasonable care to protect Plaintiff and/or did not breach any duty to Plaintiff.

10. Plaintiff's alleged damages are the result of pre-existing injuries or conditions.

11. Plaintiff had adequate warning of the allegedly dangerous condition.

12. Plaintiff assumed the risk of injury.

Pursuant to RCW 4.22.070 and CR 12(i), the percentage of fault that allegedly caused Plaintiffs' injuries, if any, should be apportioned among the following parties or entities:

A. Plaintiffs, for engaging in any conduct which may have increased the risk of being injured during and/or preceding the incident, and any other factors that future discovery may disclose regarding the degree of fault attributable to Plaintiffs;

B. Other entities that contributed to Plaintiffs' alleged injuries having specific factual or procedural defenses that bar Plaintiffs' cause of action against those entities; and

C. Any non-party Defendant(s) that may have caused or contributed to Plaintiffs' claimed injuries and damages.

Walmart reserves the right to seek leave to amend this Answer (a) for the specific purpose of naming other parties believed to have caused or contributed to Plaintiffs' claimed

DEFENDANT WALMART INC.'S ANSWER TO COMPLAINT FOR DAMAGES 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7430214.1

1  injuries and damages, as well as (b) generally, as future discovery may warrant.

2       Walmart denies each and every allegation of Plaintiff's Complaint not specifically

3  admitted or otherwise pled to herein.

4       Walmart hereby incorporates by reference those affirmative defenses enumerated in

5  Rule 8 and Rule 12 of the Washington State Court Rules as if fully set forth herein.  In the

6  event further investigation or discovery reveals the applicability of any such defenses, Walmart

7  reserves the right to seek leave of Court to amend its Answer to specifically assert any such

8  defense(s).  Such defenses are herein incorporated by reference for the specific purpose of not

9  waiving any such defense.

10       Pursuant to Rule 11 of the Washington State Court Rules, all possible affirmative

11  defenses may not have been alleged herein insofar as sufficient facts are not available after

12  reasonable inquiry from the filing of Plaintiff's Complaint, and therefore Walmart reserves the

13  right to amend its Answer to assert additional affirmative defenses in the event discovery

14  indicates that additional affirmative defenses would be appropriate.

15  PRAYER FOR RELIEF

16       WHEREFORE, having answered Plaintiff's Complaint and having asserted affirmative

17  defenses, Walmart prays for judgment as follows:

18     1.  For dismissal of Plaintiff's Complaint with prejudice;

19     2.  For all costs, disbursements, and reasonable and statutory attorney fees incurred in the

20  defense of this action, in an amount to be determined at the time of trial; and

21     3.  For such other and further relief as the Court deems just and equitable.

22  DATED this 3rd day of September, 2021.

23

24

25

DEFENDANT WALMART INC.'S ANSWER TO COMPLAINT FOR DAMAGES 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7430214.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

WILLIAMS, KASTNER & GIBBS PLLC

Rodney L. Umberger, WSBA No. 24948
Eddy Silverman, WSBA No. 53494

Two Union Square
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone:  206.628.6600
Fax:      206.628.6611
Email:  rumberger@williamskastner.com
             esilverman@williamskastner.com

***Counsel for Defendant Walmart Inc.***

DEFENDANT WALMART INC.'S ANSWER TO COMPLAINT FOR
DAMAGES 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the date indicated below, I caused service of a true and correct copy of the foregoing document in the manner indicated below to:

EMERALD LAW GROUP, PLLC                    ☑ E-mail, per E-Service Agreement

Jonathan Nolley, WSBA #35850
12055 15th Avenue NE
Seattle, WA 98125
Tel: 206.826.5160
Email: jonathan@emeraldlawgroup.com

VALOR LAW GROUP PS

Alex Thomason, WSBA 35975
110 W Lakeshore Dr.
Pateros, WA 98846
Tel: (509) 689-3471
Email: alex@valorlawgroup.com
madison@valorlawgroup.com

***Counsel for Plaintiff***

Signed at Lynnwood, Washington this 3rd day of September, 2021.

WILLIAMS, KASTNER & GIBBS PLLC

_____

Catherine Berry, Legal Assistant
cberry@williamskastner.com

DEFENDANT WALMART INC.'S ANSWER TO COMPLAINT FOR
DAMAGES 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7430214.1